UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM KENNETH TAYLOR,
    Petitioner,

v.                                             Case No. 8:12-cv-1169-KKM-AEP
                                                            **DEATH CASE**

SECRETARY, Department of Corrections,
    Respondent.
_____

## ORDER

William Kenneth Taylor, a Florida prisoner, filed a Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his murder conviction and death sentence (Doc. 1.) The Court dismissed the petition as untimely and declined to issue a Certificate of Appealability (COA). (Doc. 91.)

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a COA. *Id.* Under Rule 11(a), Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Notwithstanding this Court's earlier denial of a COA when it denied habeas relief, Taylor applies for a COA (Doc. 93.).

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Taylor must

show that reasonable jurists would find debatable this Court's determination that the petition is time-barred. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Taylor "submits that reasonable jurists could disagree with the Court's finding that the habeas corpus petition was untimely and not entitled to equitable tolling." (Doc. 93 at 6.) He is mistaken.

First, Taylor fails to support his request for a COA based on this Court's determination of untimeliness. The earlier order explained that the petition is untimely by eleven days because Taylor erroneously calculated his limitation period from the deadline to file for rehearing on appeal even though he did not file for rehearing before the Florida Supreme Court. Under Supreme Court Rule 13.3, the additional time for calculating the 90-day limit to petition for certiorari of a state court decision applies only if rehearing in that state court is filed. *See Butler v. Sec'y, Fla. Dep't of Corr.*, 621 F. App'x 604, 606 (11th Cir. 2015) ("Because Mr. Butler did not seek rehearing from the Florida Supreme Court[,] the 90–day period for seeking certiorari expired" and the federal one-year limitation expired before he filed his state post-conviction motion.).[1] Taylor did not seek rehearing, and he fails to identify a basis for challenging the timeliness calculation. Consequently, Taylor fails to show any basis for reasonable jurists to disagree regarding the untimeliness determination.

---

[1] Although not binding, *Butler* is persuasive on this point. *See* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Second, Taylor fails to show that jurists could disagree with this Court's determination that he is not entitled to equitable tolling. Taylor recognizes that, as discussed in the earlier order, ordinary negligence fails to qualify for equitable tolling. (Docs. 91 at 9–10 and 93 at 8–9.) Taylor contends that his attorney's miscalculation of the limitation deadline was not ordinary negligence but "a profound mistake of law." (Doc. 93 at 9.) As discussed in the earlier order, Taylor's contention is foreclosed by *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (explaining that a "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling") (internal citations omitted). Taylor identifies no egregious attorney misconduct, such as the attorney's lying and abandonment that occurred in *Holland*.

Alternatively, Taylor asserts entitlement to equitable tolling because there was a period of time when the limitation was running before he filed a state post-conviction motion and he had no appointed counsel. Citing *Martinez v. Ryan*, 566 U.S. 1 (2012), Taylor apparently believes that his not having an attorney excuses his allowing the federal limitation to expire. Taylor misinterprets *Martinez*, which holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. *Martinez* created a narrow exception, inapplicable to Taylor. "What the *Martinez* decision did—and the only thing it did—was create a narrow, equitable exception to the general

3

rule that a petitioner cannot rely on the ineffectiveness of collateral counsel to serve as cause for excusing the procedural default of a claim in state court, thereby permitting federal habeas review of the merits of that claim." *Chavez v. Sec'y, Dep't of Corr.*, 742 F.3d 940, 945 (11th Cir. 2014) (citing *Martinez*, 132 S. Ct. at 1315–20). Taylor conflates two separate equitable principles. *Holland's* application of equity applies to the tolling of time for a federal application that is filed untimely whereas *Martinez's* application of equity applies to permit the review of the merits of a claim of ineffective assistance of trial counsel that was procedurally defaulted in the state courts. *Matinez* is inapplicable to a timeliness obstacle. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."). Consequently, Taylor fails to show any basis for reasonable jurists to disagree regarding the denial of equitable tolling.

Accordingly, Taylor's "Application for Certificate of Appealability" (Doc. 93) is **DENIED**.

**ORDERED** in Tampa, Florida, on February 17, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

4